**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PAUL BURTON, individually and on behalf of all those similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**Colonel FREEMAN F. MARTIN, in his official capacity as Director of Texas Department of Public Safety; AARON P. PIERCE, in his official Capacity as Chair of the Council on Sex Offender Treatment and AIREN TARGONSKI, in her official capacity as Executive Director of the Council on Sex Offender Treatment**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Cause No: 1:26-CV-00440** |

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

## I. <u>INJUNCTIVE AND DECLARATORY RELIEF REQUESTED</u>

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against state officials in their official capacities. Defendants have misinterpreted and enforced Articles 62.403 and 62.404 of the Texas Code of Criminal Procedure in a manner that denies individuals convicted in federal court access to individualized risk assessments and to the deregistration process established by Texas law. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201–2202 establishing

that Article 62.404's filing directive is a venue provision, not a jurisdictional bar, and requiring its proper construction. To the extent Defendants continue to enforce the statute as an absolute bar, Plaintiff also seeks declaratory and injunctive relief to remedy ongoing violations of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment. Plaintiff alleges as follows:

## II. NATURE OF THE CASE

1. This is a civil rights action challenging the constitutionality and enforcement of Articles 62.403 and 62.404 of the Texas Code of Criminal Procedure as applied to individuals convicted in federal court.

2. Article 62.403 requires the Texas Council on Sex Offender Treatment ("CSOT") to establish a risk assessment tool or tools for evaluating various factors related to sex offender "risk." It also requires the CSOT to evaluate and provide a written "risk assessment" report to any person with an eligible, single reportable conviction or adjudication "upon written request."

3. Article 62.404 purports to provide a mechanism for early termination of sex-offender registration by allowing eligible registrants to file a motion for relief after submitting certain documentation and receiving an individualized risk assessment conducted by the CSOT (provided for in Article 62.403). The statute further provides that an eligible registrant may file a motion for early termination with the trial court that sentenced the person.

4. For individuals convicted in federal court, that directive has been interpreted to create a legal impossibility. Because no Texas state court sentenced them, CSOT

has taken the position that Article 62.404 provides no forum for such motions. As such, they categorically deny processing applications for deregistration, which they are responsible for under Article 62.403.

5. These Articles are situated in the larger framework of Chapter 62 of the Texas Code of Criminal Procedure. Under Chapter 62, an extrajurisdictional registrant is someone who is required to register under the laws of another state, federal law or the Uniform Code of Military Justice, or the laws of a foreign country. For these registrants, their duty to register expires on the date their duty to register would expire under the law from which their registration requirement arose. This provision appears in Article 62.052(b). These expiration provisions provide an automatic pathway to deregistration for extrajurisdictional registrants whose reportable convictions are not substantially similar to Texas reportable convictions.

6. However, if the Department of Public Safety determines that an extrajurisdictional registrant's crime of conviction contains elements substantially similar to a Texas offense, that individual is not considered an extrajurisdictional registrant and is treated as if they had a Texas reportable conviction. Thus, for the purposes of Chapter 62, federally convicted registrants deemed to have substantially similar convictions to Texas convictions are classified as their state equivalent offense counterparts. The substantially similar finding precludes federally convicted registrants from eligibility for the automatic expiration of registration requirements afforded to extrajurisdictional registrants under Article 62.052(b). Thus, Article

62.404 is the only avenue to deregistration accessible by federally convicted registrants with convictions substantially similar to a Texas reportable offense.

7. CSOT categorically denies federally convicted registrants any access to Texas's deregistration process. This exclusion is imposed despite the fact that federally convicted registrants are subject to the *same* registration duties under Chapter 62 of the Texas Code of Criminal Procedure as those convicted in state court.

8. In practice, the DPS chooses to classify extrajurisdictional registrants as substantially similar to Texas-based penal law offenses, removing their pathway to deregistration under Article 62.052(b), and then denies them access to the deregistration pathway provided under Article 62.403 and 62.404.This statutory scheme, as interpreted and enforced by Defendants, creates an arbitrary, irrational bar to deregistration based solely on the sovereign of conviction and denies federally convicted registrants any meaningful opportunity to seek individualized relief.

9. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to obtain declaratory and injunctive relief correcting Defendants' unlawful application of Article 62.403 and construction of Article 62.404 and, to the extent Defendants continue to enforce the statutes as a categorical bar, to vindicate Plaintiff's rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment.

## III. <u>JURISDICTION AND VENUE</u>

10. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

12. This Court is authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65.

13. Plaintiff seeks prospective declaratory and injunctive relief against state officials in their official capacities for ongoing violations of federal law, and this action is therefore proper under *Ex parte Young.* 209 U.S. 123 (1908).

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are officers of the State of Texas who, in their respective official capacities, administer, interpret, and enforce Article 62.404 from offices located within this district.

15. Defendants' policies, interpretations, and enforcement practices challenged in this action are statewide in scope and have been implemented and maintained, in substantial part, within this district.

## IV. CLASS ALLEGATIONS

16. Pursuant to Federal Rule of Civil Procedure 23(b)(2), Plaintiff brings this action on behalf of himself, and all others similarly situated.

17. The proposed class is defined as:

> All persons required to register under Chapter 62 of the Texas Code of Criminal Procedure whose registration obligation arises from a federal conviction and who are denied access to the early termination process under Article 62.404.

18. The members of the proposed class are so numerous that joinder of all members is impracticable. Federally convicted registrants subject to Chapter 62 reside throughout Texas and are uniformly excluded from the deregistration process.

19. There are questions of law and fact common to the class, including:

- Whether Articles 62.403 and 62.404, as interpreted and enforced, deny federally convicted registrants access to any judicial forum;
- Whether the exclusion of federal registrants from the deregistration process violates the Equal Protection Clause;
- Whether the statutory scheme creates an illusory remedy in violation of the Due Process Clause; and
- Whether declaratory and injunctive relief is appropriate on a class-wide basis.

20. Plaintiff's claims are typical of the claims of the class.

21. Plaintiff will fairly and adequately protect the interests of the class.

22. Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory and injunctive relief appropriate with respect to the class as a whole.

## V. FACTS PERTINENT TO THE PLAINTIFF

23. Plaintiff Paul Burton is a resident of Texas who is required to register under Chapter 62 of the Texas Code of Criminal Procedure based on a federal conviction that Texas has deemed substantially similar to a Texas reportable offense.

24. Mr. Burton has lived in Texas for years, has fully complied with all registration requirements, and meets the substantive statutory criteria to pursue early termination of registration. He is prevented from initiating that process solely because Defendants interpret Article 62.404 to exclude federally convicted registrants from any available forum and refuse to process such applications for deregistration. Accordingly, any remaining procedural prerequisites, including the required risk assessment, cannot be meaningfully pursued for purposes of early termination.

25. Plaintiff Paul Burton sent the required documentation along with the required $50 fee to CSOT in August 2024. Although he complied with all necessary requirements, per CSOT guidelines, and had the assistance of an attorney, he never received a response or a risk assessment evaluation from CSOT. The CSOT willfully denied his request.

## VI. STATUTES OF RELEVANCE

26. Chapter 62 establishes a comprehensive registration regime that applies equally to individuals convicted in Texas state courts and those convicted under federal law, the Uniform Code of Military Justice, the law of another state, or the law of a foreign nation. Article 62.001 expressly includes extrajurisdictional convictions within the definition of a "reportable conviction or adjudication," while other provisions of Chapter 62 specify express exemptions and nonapplicability where intended.

27. Chapter 62 elsewhere contains express exemptions, limitations, and nonapplicability provisions specifying when registration requirements or related statutory provisions do not apply to extrajurisdictional registrants. No provision of

Chapter 62 expressly excludes individuals whose registration obligation arises from a federal conviction from eligibility to seek a risk assessment under Article 62.403 or to seek early termination under Article 62.404.

28. Article 62.403 charges the CSOT with establishing and maintaining a tool or tools for providing registrants with a individualized risk assessment. This Article also provides that CSOT "shall," upon written request, evaluate any registrant with an eligible, single reportable adjudication or conviction under its individualized risk assessment tool(s) and furnish that registrant with a written report detailing the outcome of the evaluation.

29. Article 62.403 does not convey that the CSOT must categorically deny deregistration processing to otherwise eligible federally convicted registrants.

30. Article 62.404 provides a mechanism for early termination of registration. The court upon motion may relieve the individual of further registration obligations.

31. Article 62.404 provides that an eligible person "may file with the trial court that sentenced the person" a motion for early termination of the person's obligation to register.

32. CSOT interprets Article 62.404 to bar motions filed by federally convicted registrants, taking the position that no state court of conviction exists to hear such motions.

33. CSOT excludes federal registrants from the administrative deregistration process. In formalized, published administrative guidance, CSOT states that it may consider

only convictions issued by Texas state courts when evaluating eligibility for deregistration.

34. As a result, Plaintiff is categorically denied access to the only statutory mechanism for relief from lifetime registration, despite satisfying all substantive eligibility requirements.

## VII. STATUTORY FRAMEWORK: ARTICLE 62.404

35. Texas law has long recognized a fundamental distinction between jurisdiction, which concerns a court's power to hear a case, and venue, which governs the proper location for filing an action.

36. The text of Article 62.404 reads as follows:

### *A. Art. 62.404. MOTION FOR EARLY TERMINATION*

(a) A person required to register under this chapter who has requested and received an individual risk assessment under Article 62.403 may file with the trial court that sentenced the person for the reportable conviction or adjudication a motion for early termination of the person's obligation to register under this chapter.

(b) A motion filed under this article must be accompanied by:

(1) a written explanation of how the reportable conviction or adjudication giving rise to the movant's registration under this chapter qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402(b); and

(2) a certified copy of a written report detailing the outcome of an individual risk assessment evaluation conducted under Article 62.403(b)(1).

37. Defendants' interpretation converts this permissive filing language into an exclusive jurisdictional requirement. The text of Article 62.404 contains no such limitation. It does not state that filing must occur only in the sentencing court, nor does it contain any sovereign-based exclusion or jurisdictional restriction.

38. The asserted jurisdictional bar arises not from any express limitation in the statute, but from the structural incompatibility between Article 62.404's filing directive and the limits of state authority over federal courts. Because a state legislature cannot require a federal court to exercise jurisdiction over a state deregistration motion, Defendants treat that incompatibility as dispositive. Nothing in the text of Article 62.404 indicates that the Legislature intended that incompatibility to operate as a categorical exclusion.

39. Reading the filing language as jurisdictional therefore invents a limitation the Legislature did not express and transforms a permissive venue provision into a bar that eliminates relief for a subset of otherwise eligible persons. Such a construction also runs counter to the Legislature's evident purpose in creating a structured mechanism for relief within the deregistration framework that inherently relies on federal law.

## VIII. LEGISLATIVE STRUCTURE AND INTENT

40. The structure of Chapter 62 reflects a deliberate legislative choice to define both the scope of registration obligations and the availability of relief through detailed inclusion and carveout provisions.

41. Article 62.001 expressly includes convictions and adjudications arising under federal law, the Uniform Code of Military Justice, and the laws of other jurisdictions when substantially similar to Texas offenses, thereby bringing federally convicted individuals within the registration scheme.

42. At the same time, Chapter 62 contains multiple express limitations and carveouts specifying when its requirements or related consequences do not apply, including exclusions within the definition of "reportable conviction or adjudication," juvenile exemptions, and provisions declaring certain persons or circumstances outside the statute's reach.

43. The subchapter governing early termination likewise contains an express non-applicability provision identifying specific categories of persons to whom that relief does not apply. The Legislature therefore demonstrated, within the very subchapter at issue, that it knew how to exclude defined classes when it intended to do so.

44. If risk assessments under Article 62.403 and relief under Article 62.404 were meant to apply only to persons convicted in Texas state courts, that limitation would have appeared in the eligibility language or in the subchapter's non-applicability provision.

45. The agency's interpretation instead derives exclusion from procedural incompatibility, not from text. Texas law does not presume that the Legislature creates categorical exclusions through silence when it has expressly identified exclusions elsewhere in the same statutory framework.

46. Nothing in Chapter 62 expressly excludes individuals whose registration obligation arises from a federal conviction from eligibility for early termination under Article 62.404 or from access to a judicial forum to seek such relief.

47. Defendants' interpretation undermines the Legislature's design by excluding federally sentenced registrants from the only statutory mechanism created to provide relief. That construction is not grounded in any express limitation within Article 62.404 or elsewhere in Chapter 62. It arises solely from transforming a permissive motion filing directive, "may file in the sentencing court that sentenced them," into an exclusive jurisdictional bar.

## IX. CLAIMS FOR RELIEF

***Count I – Violation of the Equal Protection Clause (42 U.S.C. § 1983)***

48. Plaintiff realleges and incorporates the preceding paragraphs.

49. Texas imposes identical registration obligations on individuals convicted of qualifying offenses, regardless of whether the conviction occurred in state or federal court.

50. Texas requires Plaintiff to register only after determining that his federal conviction is "substantially similar" to a Texas reportable offense and treating it as the functional equivalent of a Texas conviction under Chapter 62 for purposes of imposing identical registration obligations.

51. Yet only individuals convicted in state court are permitted to proceed with their applications to CSOT and subsequently file a motion for early termination of

registration under Article 62.404. Individuals convicted in federal court are excluded not based on offense conduct, risk level, or public-safety considerations, but solely because of the sovereign that entered the conviction.

52. This distinction creates an arbitrary and irrational classification by treating federally convicted registrants as equivalent to state-court registrants when imposing registration burdens, while treating them as categorically different when seeking access to the statutory mechanism for relief, thereby denying federally convicted registrants equal protection of the laws. Texas cannot logically deem federally convicted registrants "substantially similar" when imposing registration obligations but then deny they are "similarly situated" when those same individuals seek deregistration. That inconsistency undermines both equal protection and the rationality of the statutory scheme.

53. The State's categorical exclusion collapses its own public-safety justification. By forbidding individualized risk assessments, the State abandons the very mechanism it claims protects the public and instead imposes an arbitrary, unjustifiable barrier.

54. Articles 62.403 and 62.404, as interpreted and enforced, therefore violate the Equal Protection Clause of the Fourteenth Amendment.

***<u>Count II – Violation of the Due Process Clause (42 U.S.C. § 1983)</u>***

55. Plaintiff realleges and incorporates the preceding paragraphs.

56. Article 62.404 creates a liberty-affecting process by which eligible individuals may seek relief from the significant burdens imposed by sex-offender registration

through individualized assessment and judicial review. That process is wholly inaccessible for federally convicted registrants.

57. The statutory scheme thus creates a phantom remedy, a process promised by statute but rendered unavailable by Defendants' interpretation.

58. This scheme violates procedural due process by denying Plaintiff and the class any opportunity to be heard.

59. It also violates substantive due process by arbitrarily extinguishing the possibility of individualized relief for a defined class of registrants.

***Count III – Declaratory Judgment That Article 62.404 Is a Venue Provision, Not a Jurisdictional Bar (28 U.S.C. §§ 2201–2202)***

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Article 62.404 provides that an eligible person "may file with the trial court that sentenced the person" a motion for early termination of the person's obligation to register.

62. As set forth in the preceding statutory framework, Texas law draws a settled distinction between jurisdiction and venue. Article 62.404 does not state that a person "shall file only" in a particular court. It provides that a person "may file" with the sentencing court.

63. Under ordinary rules of construction, "may" denotes permission rather than a mandatory condition. That filing language identifies a preferred forum and does not create a jurisdictional prerequisite or strip courts of subject-matter jurisdiction.

64. Consistent with that framework, Article 62.404's filing directive functions as a procedural instruction intended to channel motions to an appropriate forum, not as a jurisdictional restriction on judicial authority.

65. Nevertheless, Defendants have construed Article 62.404's filing language as jurisdictional when applied to individuals convicted in federal court, concluding that no court may hear such motions because no Texas state trial court sentenced them.

66. That construction converts a venue directive into an absolute jurisdictional bar and renders Article 62.404 wholly unavailable to federally convicted registrants who otherwise can satisfy all substantive eligibility requirements for early termination of registration.

67. Properly construed under Texas law, Article 62.404 allows for venue substitution or alternative filing when the designated court cannot act, thereby preserving the statute's remedial function and avoiding the denial of access to judicial review imposed by Defendants' interpretation.

68. Defendants' construction creates the very constitutional concerns raised in this action, including the denial of due process and the unequal treatment of registrants whom the State has already determined to be substantially similar for registration purposes. It withdraws access to relief not by statutory command, but by procedural incompatibility. Proper construction of Article 62.404 avoids those constitutional infirmities and gives full effect to the Legislature's remedial design.

69. Plaintiff therefore seeks a declaratory judgment that Article 62.404's "court that sentenced the person" language constitutes a venue directive, not a jurisdictional

limitation, and that individuals convicted in federal court may file a motion for early termination of registration in a court of competent jurisdiction.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that, properly construed, Article 62.404 allows for venue substitution or alternative filing for individuals whose registration obligation arises from a federal conviction, in order to preserve access to the statutory deregistration process;

B. Permanently enjoin Defendants from treating Article 62.404's filing directive as a jurisdictional bar to motions filed by federally convicted registrants;

C. Declare that, to the extent Defendants continue to interpret or enforce Articles 62.403 and 62.404 as categorically barring federally convicted registrants from accessing any individualized risk assessment or judicial forum, such interpretation and enforcement violate the Equal Protection Clause of the Fourteenth Amendment;

D. Declare that Defendants' interpretation and enforcement of Articles 62.403 and 62.404 violate the Due Process Clause of the Fourteenth Amendment by creating a statutory remedy that is illusory and denying federally convicted registrants any meaningful opportunity to be heard;

E. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F. Grant such other and further relief as the Court deems just and proper.

Date: 04/27/2026

Respectfully submitted,

*/s/ Savannah Morgan*
**Savannah Morgan,**
NCBA #59528
NARSOL, Staff Attorney
P.O. Box 25423
Raleigh, NC 27611
919-480-2551, Ext. 702
**savannahm@narsol.org**

*/s/Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No. 0403083
SDTX Bar No. 3746531
**info@vincentlawpllc.com**
***Vincent Civil Rights – a Division of VINCENT LAW, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832)603-4444
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record who are registered participants.

Respectfully submitted,

*/s/Courtney A. Vincent*
**Courtney A. Vincent**

*/s/ Savannah Morgan*
**Savannah Morgan**